MICHELE A. ZIMARINO *vs.* ZONING BOARD OF REVIEW OF THE
CITY OF PROVIDENCE.

JANUARY 17, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Providence denying appeals from three decisions of the director of the department of building inspection, hereinafter referred to as the building inspector, pursuant to which that officer issued a certificate of occupancy authorizing the use as a machine shop of a building located in an area zoned for residential uses and two permits authorizing the making of certain alterations to that building. The writ issued, and pursuant thereto the pertinent records in the case have been certified to this court.

It appears from the record that the premises, which are located at 14 Fales street in the city of Providence and consist of a building that, in part, is two stories in height, were owned by L. Vaughn Co. from 1917 to 1961. It appears further that on May 15, 1961 the building inspector, on application by Lusco Manufacturing Co., issued a certificate of occupancy for this building authorizing occupancy of the first floor thereof by a machine shop as a legal, nonconforming use of that portion of the premises. Thereafter the building inspector, on application of Joseph Colucci who had acquired the property from L. Vaughn Co. after the issuance of the certificate of occupancy, issued two building permits authorizing certain minor repairs to the premises. The petitioner appealed to the zoning board of review from each of these decisions as is provided for in G. L. 1956, §45-24-19 (a).

The appeals were heard de novo by the respondent board, the members of which had made an inspection of the premises. Testimony was adduced thereat by the appellant and on behalf of the building inspector. In its decision the board found expressly that the first floor of the building had since 1917 been used for purposes of storage and manufac-

turing. It thereupon by unanimous vote sustained the decisions and denied the appeals of petitioner. In its decision the board states that the premises having been in lawful use for manufacturing purposes at the time of the adoption of the zoning ordinance by the city council in 1923, it constituted a lawful, nonconforming use that was entitled to be continued pursuant to the provisions of sec. 23 B 1 (a) of the ordinance.

The petitioner's contention, as we understand it, is that the board erred in finding that the premises under consideration at the time of the enactment of the original zoning ordinance in 1923 were used for storage and manufacturing and therefore constituted at that time a lawful, nonconforming use entitled to be continued under the pertinent provisions of the ordinance. The petitioner predicates this contention on his view that there is in the record no evidence to support the finding that was thus made by the respondent board either as to the year 1917 or the year 1923. With this argument we are constrained to disagree.

It appears from the record that Norman Vaughn, an officer of L. Vaughn Co., testified that the company had acquired the premises in 1917 for use in connection with its operations in the manufacture of doors and windows. He testified further that his personal knowledge concerning such use of the premises related back to the year 1938 and that he had been informed by colleagues in the company that the premises had been used for manufacturing and storage as far back as 1919. There is also in evidence the affidavit of Norman Vaughn furnished to the inspector of buildings in May 1961 at which time the application for the certificate of occupancy had been under consideration. In substance the affidavit also states that the premises were acquired by the company for use in its manufacturing operations and that they had been used for manufacturing and storage since their acquisition in 1917.

386

The petitioner argues that this evidence is not sufficient to establish the use being made of the premises at the pertinent time. The clear implication of his argument is that the evidence is not susceptible of a reasonable inference that the premises had been so used in 1923. In other words, petitioner is attacking the weight that the board gave such evidence. It is well settled that, absent some peculiar circumstances, we will not upon a review of an exercise of discretion by these boards weigh the evidence. "The weight to be given the evidence in these cases is for the board, and ordinarily on a petition for certiorari for a review of an exercise of discretion by a zoning board we do not weigh the evidence." *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 111, 155 A.2d 333, 335. This court then went on in the *Hazen* case to note that evidence as to the devaluation of surrounding property, while contradicted, was still legal evidence that supported the board's decision to deny an exception.

The petitioner's contention indicates a misconception as to the latitude within which these boards may exercise their fact-finding power. In *Robinson* v. *Town Council*, 60 R. I. 422, 435, this court, speaking with respect to the fact-finding power of these boards, said that they are charged "with the duty of determining facts from reasonably competent testimony and other proper means, such determination forming the basis for official action within the limits of reasonable discretion. In other words, the board is required to act judicially on facts lawfully ascertained."

This constitutes clear judicial recognition of the scope of the power of these boards to ascertain the facts upon which they properly may exercise their discretion. They may lawfully ascertain such facts from any reasonably competent evidence, that is, any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues. The phrase "other proper means" to which this

court referred in *Robinson* v. *Town Council, supra,* includes knowledge acquired by inspections as well as that presumed to be possessed by members of such boards. This evidence constitutes the "legal evidence" to which we referred in *Hazen* v. *Zoning Board of Review, supra,* in affirming our well-settled rule that a decision of a board of review will be sustained on appeal if there is in the record any legal evidence supporting the decision.

Zoning boards of review are administrative bodies which, when acting in their quasi-judicial capacity, must so act on the basis of facts lawfully ascertained. This does not mean, however, that such boards are required to conduct these hearings in strict compliance with the rules of procedure that apply in the conduct of judicial trials or to strictly observe the rules of evidence. Such hearings may be conducted with substantial informality in matters of procedure and evidence. However, as this court said in *Colagiovanni* v. *Zoning Board of Review,* 90 R. I. 329, 335, 158 A.2d 158, 162: "In holding such hearings zoning boards are required to apply rules and regulations lawfully adopted by them equally and fairly to all persons properly before them." In that case we held that a refusal to permit a formal cross-examination under a rule applicable to all parties did not deprive them of a fair and impartial hearing. We perceive no reason for altering or modifying our view therein nor, in our opinion, has petitioner here presented us with a reason for so doing.

The petitioner contends, as we understand him, that a refusal to permit him to cross-examine certain witnesses deprived him of a complete and impartial hearing in that it prevented him from introducing competent, relevant evidence on the issue raised. A close scrutiny of the record, however, reveals no instance in which petitioner was in fact precluded from presenting competent, relevant evidence by any ruling of the board. The record discloses only that

the board through its chairman stated that cross-examination was not permitted. The interest of justice might well be better served if some reasonable cross-examination were permitted, particularly if it were to be conducted by legal counsel presumably skilled in that art. However, we cannot say that a refusal to permit formal cross-examination, applied to all parties to a hearing, in and of itself will operate so as to preclude the production of competent, relevant evidence on the issues raised at such hearing.

The petitioner urges also that the strict impartiality which is required of members of these boards when exercising their powers of which this court spoke in *Barbara Realty Co.* v. *Zoning Board of Review*, 85 R. I. 152, was lacking in the instant case. In that case this court said at page 156: "A member of a zoning board, therefore, should not in any matter affecting the granting or denying of applications for exceptions or variances say or do anything which would furnish a basis for raising an inference that he was biased in favor of one side or the other." At the petitioner's suggestion we have closely scrutinized the record and, more particularly, certain remarks made by one member of the board which, in our opinion, were inappropriate in the circumstances. While these remarks are strongly suggestive of some impatience or petulance on the part of that member, they are not sufficient to warrant the drawing of any reasonable inference of prejudice on the part of the member.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered returned to the respondent board.

*Sydney I. Resnick, Harold I. Kessler,* for petitioner.

*William E. McCabe,* City Solicitor; *Harry Goldstein,* Assistant City Solicitor, for respondent.