226 A.2d 416.

WILLIAM MELUCCI *et ux.* *vs.* ZONING BOARD OF REVIEW
OF THE CITY OF PAWTUCKET.
SAME *vs.* SAME.

FEBRUARY 14, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. These are two petitions for certiorari to review the action of the respondent board which granted two applications filed by the 393 Realty Corp., one of which permits the applicant to construct at 391 Armistice Boulevard an office building which would house a series of professional and business offices while the other allows the establishment of a parking lot to service the proposed building and another building owned by the applicant located at 393 Armistice Boulevard. Pursuant to the writ, the records in each application have been certified to us by the respondent board. Although both applications were before the board on the same day, they were heard and considered separately. We, however, have consolidated both petitions and will consider them together.

The particular area of Pawtucket involved here is zoned as a Residence B district. Neither of the applicant's proposed endeavors is a permitted use under this classification. These two applications mark the second occasion that the applicant has appeared before the board in a comparatively short period of time. Previous to the hearings which concern us here, applicant had received permission from the board by way of an exception to erect at 393 Armistice Boulevard an office building similar to the one contemplated for the adjoining lot at 391 Armistice Boulevard. Testimony showed that this building was in the final touch-up stages of construction at the time the instant applications were being heard before the board. The parking area is to be established on a lot of land lying immediately to the rear of 393 and is to service the needs of the tenants of applicant's existing building and the new facility. The petitioners own a residence which abuts the site of the proposed building.

The decision of the board on each application is typed on paper which contains a printed statement that the board has taken the matter under advisement and has viewed the premises. There is nothing in either decision, however, which discloses what it observed on its view. While each decision is couched in almost the exact language of the ordinance which authorizes an exception in an appropriate case, neither gives any reason as to the conclusion reached by the board on each application.

The authority of the respondent board to act in these premises is circumscribed by the standards found in Revised Ordinances of Pawtucket, 1953, sec. 26.18, where it provides that the board may subject to appropriate conditions and safeguards:

"(8) Approve in any district an application for any use or building which the board of review finds:

"(a) To be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare or the public health;

"(b) Where such use or building is reasonably necessary for the convenience or welfare of the public * * * ""

These standards having been enunciated, they provide the limits within which the board must exercise its discretion and they become conditions precedent which must be satisfied prior to any affirmative action. *Fitzgerald* v. *Board of Review,* 99 R. I. 221, 206 A.2d 635; *Thomson Methodist Church* v. *Zoning Board of Review,* 99 R. I. 675. It is settled that prior to an affirmative action in granting an exception a board must make findings with respect to such conditions precedent as the ordinance prescribes. *Hazen* v. *Zoning Board of Review,* 90 R. I. 108; *Braun* v. *Zoning Board of Review,* 99 R. I. 105. Here the petitioners assert the board in granting the two instant exceptions acted arbitrarily and abused its discretion be-

cause of the lack of any legally competent evidence to support its finding of the conditions precedent to an exercise of its authority.

This ordinance gives to the board a broad grant of power which, we have said on prior occasions and in similar cases, was to be exercised sparingly and with discretion, to the end only that relief could be given against the arbitrary effects of a literal enforcement of the provisions of the ordinance. *Costantino* v. *Zoning Board of Review,* 74 R. I. 316; *Harte* v. *Zoning Board of Review,* 80 R. I. 43. Unless the board acts upon its own knowledge and makes that fact known in its decision, there must be in the record competent evidence to support its findings, otherwise its action will be deemed an abuse of the discretion vested in it by the ordinance. The fact that the board states it has taken a view means nothing unless what it observed on the view is made part of the record. *Del Toro* v. *Zoning Board of Review,* 82 R. I. 317; *Kelly* v. *Zoning Board of Review,* 94 R. I. 298.

In the cases at bar an exception under sec. 26.18 (8) (a) and (b) could not be granted unless the board was satisfied from its own knowledge as disclosed in its decision or from competent evidence in the record that the proposed use of applicant's properties would be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in a Residence B district, and possessive of a reasonable tendency towards promotion of the public convenience, public welfare or public health, and that such use or building would be reasonably necessary for the convenience or welfare of the public.

The only testimony offered in support of either application came from a gentleman identified as an officer of the corporation. In testifying in support of the application for the parking lot he stated that it would be used for the automobiles of the tenants of both buildings, their employees, clients or customers. In the event its request for

a second office building at 391 Armistice Boulevard was rejected, he stated the applicant would still press its application for the parking facility because "we definitely need it regardless of the other petition." This testimony was not legally probative of public convenience and welfare. The accommodations of the applicant or the enhancement of the scope of the services offered by it to its tenants in the use of its buildings is not synonymous with public welfare or convenience. *Zawirski* v. *Zoning Board of Review,* 96 R. I. 110.

No testimony whatsoever was offered in support of its application for the second office building. The application was signed by the secretary of the corporation and contains his affidavit as to the truth of its allegations among which is a statement that office buildings are urgently needed because of the urban renewal program presently under way in Pawtucket together with another averment that the proposed building will enhance the value of the neighborhood and will be in harmony with the type of structures presently existing there. At the hearing counsel for applicant made certain statements which amounted to a reassertion of the allegations set forth in the application.

Ever since zoning ordinances first appeared in Rhode Island, we have on many occasions pointed out that a zoning board of review in the exercise of its fact-finding power is acting in a quasi-judicial capacity and must act upon facts lawfully ascertained. The board must ascertain the facts on the basis of reasonably competent testimony or of evidence acquired by other proper means. Competent evidence is, we have said, any evidence that is not incompetent by reason of having no probative force as to the pertinent issue. The term "other proper means" includes not only information acquired by inspections but also that knowledge which is presumed to be possessed by the members of such boards in the administration of the ordinance. This type of evidence to be sufficient to sustain a grant

must be in the record even though in a minute quantity. See *Robinson* v. *Town Council,* 60 R. I. 422, *Hazen* v. *Zoning Board of Review, supra,* and *Zimarino* v. *Zoning Board of Review,* 95 R. I. 383.

Here the allegations of the applicant's secretary as they are contained in this application together with the statements made by its counsel at the hearing are, in the absence of any supporting testimony of a witness possessed of the necessary expertise in the real estate field, without any probative force whatsoever and do not afford the necessary evidence upon which the action of the respondent board can be based. *Pettine* v. *Zoning Board of Review,* 96 R. I. 404, 411; *Thomson Methodist Church* v. *Zoning Board of Review, supra.* We have scrutinized the record regarding each application and have not found any evidence which would justify granting the applicant an exception from the requirements of the ordinance that all the landowners in this vicinity are compelled to observe. The record before us discloses no evidence tending to prove the factors mentioned in sec. 26.18 (8) (a) and (b) which are prerequisites for a departure from the terms of this ordinance. It follows, therefore, that in granting these two exceptions the board acted arbitrarily and in abuse of its discretion.

In each case the petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Joseph A. Capineri,* for appellants.

*Kando & Sarkas, Moses Kando, Gerald J. Pouliot,* City Solicitor, for appellees.