Dennis J. ROBERTS II

v.

CITY OF CRANSTON ZONING BOARD OF REVIEW et al.

No. 81–556–Appeal.

Supreme Court of Rhode Island.

July 29, 1982.

Dennis J. Roberts, II, Atty. Gen., Charles C. McKinley, Sp. Asst. Atty. Gen., for appellant.

John D. Biafore, Asst. City Sol., Cranston, for appellees.

## OPINION

BEVILACQUA, Chief Justice.

This case is before the court on appeal by the Attorney General from an order of the Superior Court dismissing his complaint against the Cranston Zoning Board of Review (the board) for violation of the open-meetings law, G.L.1956 (1977 Reenactment) §§ 42–46–1 through 42–46–10. The case presents for the first time the question of whether or not that chapter applies to quasi-judicial proceedings.

Although § 42–46–3 mandates that "[e]very meeting of all public bodies shall be open to the public," not all meetings of governmental entities are subject to this requirement. The statutory definition of public bodies, as set forth in § 42–46–2(b), includes only divisions of "the executive or legislative branch of state or municipal government." Meetings of divisions of the judicial branch are not, therefore, meetings of public bodies within the meaning of § 42–46–3. Additionally, §§ 42–46–4 and 42–46–5 exempt specified meetings of public bodies from the open-meetings requirement.

In dismissing the complaint against the board for failure to state a claim upon which relief can be granted, the trial justice ruled that § 42–46–5(c), which exempts from the open-meetings mandate "judicial proceedings, or proceedings reasonably related thereto," applies to proceedings con-

ducted by units of the executive or legislative branches that are judicial in nature. The Attorney General argues that the trial justice improperly construed § 42–46–5(c) and that only proceedings before divisions of the judicial branch of the government are judicial proceedings within the meaning of that statutory exemption. We disagree.

■ This court has long recognized as a "cardinal rule" of statutory construction that, if possible, every word, clause, and sentence of a statute must be given effect. *Chang v. University of Rhode Island*, 118 R.I. 631, 643, 375 A.2d 925, 931 (1977); *see Montaquila v. St. Cyr*, R.I. 433 A.2d 206 (1981); *Rhode Island Chamber of Commerce v. Hackett*, R.I. 411 A.2d 300 (1980). As stated in *St. Clare Home v. Donnelly*, 117 R.I. 464, 470, 368 A.2d 1214, 1217–18 (1977),

> "In giving construction to a statute, the court is bound, if it be possible, to give effect to all its several parts. No sentence, clause or word should be construed as unmeaning and surplusage, if a construction can be legitimately found which will give force to and preserve all the words of the statute."

Since judicial bodies were excluded from the definition of public bodies, the legislature clearly expressed its intent that the statute should have no application to activities before divisions of the judicial branch. Accordingly, the exemption from the open-meetings requirement for "judicial proceedings" must not be interpreted as applying only to meetings before divisions of the judiciary.

■ Given its ordinary and customary meaning, the term "judicial proceedings" is not limited to only those proceedings that occur in a court of law. Instead, the term incompasses "[a]ny proceeding wherein judicial action is invoked and taken." Black's Law Dictionary 762 (5th ed. 1979). The Attorney General argues that only a member of the judicial branch of the government can perform a judicial act. This argument lacks merit.

■ Judicial action is taken when there is "[a]n adjudication upon rights of parties who in general appear or are brought before tribunal by notice or process, and upon whose claims some decision or judgment is rendered." *Id.* at 760. Indeed a quasi-judicial act is merely "[a] judicial act performed by one not a judge." *Id.* at 1121. Accordingly, we hold that the exemption from the open-meetings requirement for "judicial proceedings" applies to proceedings before divisions of the executive or legislative branches at which judicial action is taken.[1]

■ This court has stated unequivocally that zoning boards, in exercising their fact-finding powers, " 'act judicially on facts lawfully ascertained.' " *Zimarino v. Zoning Board of Review of Providence*, 95 R.I. 383, 386, 187 A.2d 259, 261 (1963). Thus, such boards perform quasi-judicial duties. *See Hassell v. Zoning Board of Review of East Providence*, 108 R.I. 349, 275 A.2d 646 (1971); *Westminster Corp. v. Zoning Board of Review of Providence*, 103 R.I. 381, 238 A.2d 353 (1968); *Melucci v. Zoning Board of Review of Pawtucket*, 101 R.I. 649, 226 A.2d 416 (1967). We therefore conclude that the proceedings before a zoning board at which the board acts judicially are exempt from the open-meetings requirement under § 42–46–5(c).

The appeal brought by the Attorney General is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

---

1. The Legislature has amended G.L.1956 (1977 Reenactment) § 42–46–5(c) to delete the exemption for judicial proceedings. Public Laws 1982, chapter 352, provides that the open-meetings law "shall not apply to proceedings of the judicial branch of state government or probate court or municipal court proceedings in any city or town." Accordingly, the instant decision only governs construction of § 42–46–5(c) prior to its amendment.