Patrick B. CLYNE

v.

William J. DOYLE et al.

No. 98–556–Appeal.

Supreme Court of Rhode Island.

Nov. 10, 1999.

David P. DeStefano, Warwick, for Plaintiff.

Armando O. Monaco, E. Greenwich, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this malicious-prosecution and abuse-of-process case, the plaintiff, Patrick B. Clyne, appeals from the entry of judgment for the defendants, William J. Doyle (Doyle) and AAA Mobile Warehousing Company, Inc. (AAA). Following a conference before a single justice of this Court in accordance with Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure, this case was assigned to the full Court for a session in conference for a potential disposition without oral argument. After a careful review of the record and arguments raised by the plaintiff, we affirm.

This case arose out of the disappearance of a construction trailer leased by plaintiff from defendants in the fall of 1992. The defendant AAA is in the business of leasing mobile office trailers and mobile storage trailers. The defendant Doyle is the principal shareholder and president of AAA. The plaintiff is an electrical contractor who was awarded a contract to per-

form some work at the LaSalette Shrine in Attleboro, Massachusetts. In September 1992, when Doyle went to pick up the trailer at the end of the lease period, he discovered that the trailer was missing. After repeatedly calling and writing to plaintiff to inquire about the missing trailer, Doyle warned plaintiff that if he did not hear from him, he would file a police report that the trailer was stolen. After receiving no satisfactory response, Doyle reported the missing trailer to the police as a stolen vehicle and indicated that plaintiff, as the person he last knew to be in possession of the trailer, was the most likely suspect.

In 1993 plaintiff was arrested, charged, and tried for larceny. After the trial he was acquitted. Two years later he filed this suit for malicious prosecution and abuse of process. Following a nonjury trial in July 1998, the trial justice rendered a decision in favor of defendants.[1] She determined that plaintiff had failed to meet his burden of proving all elements of malicious prosecution and abuse of process. We agree.

Malicious prosecution is defined "as a suit for damages resulting from a prior criminal or civil legal proceeding that was instituted maliciously and without probable cause, and that terminated unsuccessfully for the plaintiff therein." *Hillside Associates v. Stravato*, 642 A.2d 664, 667 (R.I.1994). Such actions are traditionally viewed with disfavor because "they tend to deter the prosecution of crimes and/or to chill free access to the courts." *Brough v. Foley*, 572 A.2d 63, 66 (R.I.1990). Consequently the burden of proof we have required for a plaintiff to prevail on this claim is clear proof; that is, a plaintiff must "establish the existence of malice and want of probable cause by clear proof." *Id.*

---

1. The defendants also filed a counterclaim for damages for the loss of the trailer and past-due rent. The trial justice found for defendants on this claim after concluding that the unambiguous terms of the lease required plaintiff to indemnify defendants for the fair-market value of the trailer. Judgment entered for defendants in the amount of $4,418.75. The plaintiff did not appeal from this judgment.

■ "[M]alice may be established by showing that the person initiating the original action was primarily motivated by ill will or hostility or [regardless of such motivation] did not believe that he or she would succeed in that action." *Brough,* 572 A.2d at 66. In this case there was no evidence of ill will or hostility on the part of Doyle. At trial Doyle testified that he only contacted the police after he had repeatedly called and left messages for plaintiff and after he had written several notes to him. He asked plaintiff to call him, to pay past-due rent on the trailer, and to have plaintiff's insurance company contact him. When plaintiff failed to respond over a period of approximately eight months, he felt he had no alternative but to file a stolen-vehicle report.

■ We have previously explained that "probable cause exists when facts and circumstances would lead an ordinarily prudent and careful person to conclude that the accused is guilty. * * * [I]t is sufficient that the facts known to the accuser provide reasonable grounds for a belief that criminal activity at the hands of the accused has occurred." *Solitro v. Moffatt,* 523 A.2d 858, 862 (R.I.1987). After reporting the loss to the police, Doyle was asked to appear before a magistrate to verify the information in the complaint. Doyle testified at trial that he told the magistrate that he had no idea who had stolen the trailer but that plaintiff was the last person in possession of it. This evidence supports the trial justice's conclusion that Doyle had probable cause to initiate proceedings.

■ Abuse of process, as distinguished from malicious prosecution, "arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed." *Hillside Associates,* 642 A.2d at 667. The findings of a trial justice sitting without a jury are entitled to great deference and will not be disturbed by this Court unless it is shown that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. *Burke–Tarr Co. v. Ferland Corp.,* 724 A.2d 1014, 1018 (R.I.1999). Here, the trial justice's findings that Doyle "genuinely sought justice" and "possessed a good faith belief that the plaintiff had stolen the trailer" were not clearly wrong.

For the reasons stated, we deny and dismiss plaintiff's appeal and affirm the judgment of the Superior Court.