DECISION
The above-captioned matter was remanded by this Court to the North Providence Zoning Board of Review (the Board) by Decision issued on October 17, 2006 (Decision). This Court entered an Order on May 24, 2007 (Order), requiring the Board to submit its findings and conclusions in support of its original decision (Board's Decision) by July 2, 2007. The Board, in submitting nothing further, has failed to comply with this Court's Order. This Court now proceeds with the appeal on the current state of the record. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The facts of this case are provided in full in this Court's October 17, 2006 Decision. In brief summary thereof, Plaintiff Joseph Reid (Mr. Reid) appealed the Board's Decision of September 22, 2005, granting Leo Perrotta and Deborah Sherring (collectively, the Applicants) a dimensional variance and permission to subdivide Lot 573 on Tax Assessor's Plat 11 in North Providence, Rhode Island. The Applicants requested the dimensional variance to build two *Page 2 
single family homes — each requiring a minimum lot size of 8000 square feet under the North Providence Zoning Ordinance Art. II, § 204 — on lots created by subdividing their 12,351 square foot parcel.
The Board's Decision described the property and noted that the Applicants were requesting "permission for a subdivision of land to build two (2) single family homes" and "relief under Article II, Section 204 of the North Providence Zoning Ordinance." Board's Decision at 1. The Decision then stated:
As to the variance requested:
 1. The Board was of the opinion that to grant the relief requested would be in harmony with the general purpose of our ordinance and comprehensive plan.
 2. The Board was of the opinion that the use requested would not create conditions inimical to the health, safety, or welfare, and would not injure the surrounding area.
 3. The Board was of the opinion that to deny the relief requested would amount to more than a mere inconvenience.
 4. The Board was of the opinion that the relief requested was the least relief necessary under RI General Law 45-24-41 C, D. Board's Decision at 1-2.
The Decision then listed five conditions and stipulations of the approval.
Mr. Reid appealed the Board's Decision, arguing 1) the Decision lacked the requisite findings of fact to support the granting of the application for dimensional relief; 2) the Decision violated Art. I, § 106 and Art. IV, § 413 of the Zoning Ordinance; 3) the Decision violated the requirements of § 45-24-41 (c)(2); and 4) the Decision was arbitrary and capricious because of the lack of evidentiary support in the record. This Court found that the Board's Decision was indeed barren of any factual findings related to the standards imposed by §45-24-41(c) and (d). Due to the lack of specific findings in the Board's Decision, the Court was unable to address Mr. *Page 3 
Reid's other contentions. The case was remanded to the Board to make further findings consistent with the Court's decision.
On May 24, 2007, this Court granted Plaintiff's motion to compel the Board to comply with the October 17, 2006 Decision. See Order of May 24, 2007. In said Order, the Court imposed a July 2, 2007 deadline for compliance. Defendants filed no response. On July 13, 2007, Plaintiffs requested that this Court decide the appeal on the current state of the record.
 Standard of Review
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d), which provides in pertinent part:
 (d) The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence of questions of fact. The court may affirm the decision of the board of review or remand the case for further findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing the decision of a zoning board of review, this Court "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v.Church Cmty Housing Corp., 672 A.2d 453, 454 (R.I. 1996) (quoting G.L. 1956 § 45-24-69(d)). The Court must examine "the entire record to determine whether `substantial' evidence exists to support the board's findings." DeStefano v. Zoning Bd. of Review of the City ofWarwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979) (citations *Page 4 
omitted). "`Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla, but less than a preponderance.'" Lischio v. Zoning Bd. of Review of the Town of NorthKingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the Court must examine the record to determine whether competent evidence exists to support the Board's decision. See von Bernuth v.Zoning Bd. of Review of Town of New Shoreham, 770 A.2d 396, 401-402
(R.I. 2001). Conclusional or insufficient evidence warrants the reversal of a zoning board's decision. See Hopf v. Bd. of Review of City ofNewport, 102 R.I. 275, 230 A.2d 420 (1967).
 The Remanded Decision
This Court retained jurisdiction and ordered that it would proceed on the current state of the record should the Board fail to submit more detailed findings on this matter after its June 2007 meeting. As the Board has failed to submit further findings, this Court will review the factual findings and legal conclusions presented in the Board's Decision of September 22, 2005. See von Bernuth 770 A.2d at 401-402.
Mr. Reid contends that the Board's Decision does not contain sufficient factual findings to support its conclusions. In order for a zoning board decision to be susceptible to judicial review, it must contain the required findings of fact and conclusions of law. vonBernuth, 770 A.2d at 401 (citations omitted). "Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." Id. (quoting Irish Partnershipv. Rommel, 518 A.2d 356, 359 (R.I 1986) (citations omitted)). Where the zoning board fails to meet its fact-finding requirements, *Page 5 
"the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. (quoting IrishPartnership, 518 A.2d at 359 (R.I 1986)).
The Applicants in this case sought a dimensional variance, which "provides relief from one or more of the dimensional restrictions that govern a permitted use of a lot of land, such as area, height, or setback restrictions." Sciacca v. Caruso, 769 A.2d 578, 582 n. 5 (R.I. 2001); see also G.L. 1956 § 45-24-31(61)(ii) (defining dimensional variance by statute). The Board's authority to grant a dimensional variance is derived from G.L. 1956 § 45-24-41, which delineates the findings that the Board must make in order to grant a variance. The statute states in pertinent part:
 (c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: . . . (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience.[1] *Page 6 
The requirements under this statute are mirrored in the North Providence Zoning Ordinance Art. V, § 503. In making its determinations with respect to this standard, the Board is mandated by statute to provide findings of fact to support its conclusions. Section 45-24-61 of the General Laws requires that the Board "include in its decision all findings of fact and conditions. . . ." The Rhode Island Supreme Court has cautioned zoning boards to comply with this statutory requirement, advising boards "to make certain that zoning-board decisions on variance applications (whether they be use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief as set forth in § 45-24-41(c) and (d)." Sciacca, 769 A.2d at 585.
Here, once again, the Board has failed to include in its Decision the requisite findings of fact. This Court has remanded this case once for further findings, and the Board has failed to comply. The Board's Decision does not refer to any evidence presented at trial and merely lists the Board's four conclusions without explanation of how such conclusions were reached. See supra. The Decision — devoid of findings to support the Board's approval of the variance — constitutes a litany of boilerplate recitations, and is therefore "fatally flawed."Kaveny v. Town of Cumberland Zoning Bd. of Review, 875 A.2d 1, 9 (R.I. 2005); see also Irish Partnership, 518 A.2d at 358-359. This Court cannot sustain the Board's findings "because of the inadequacy of the statement summarizing its decision." Sciacca, 769 A.2d at 585 (quotingSouza v. Zoning Board of Review of Warren, 104 R.I. 697, 699-700,248 A.2d 325, 327 (1968)). *Page 7 
The deferential standard with which the Court reviews decisions of the Board is only applicable when the Board has made sufficient findings of fact. Kaveny, 875 A.2d at 8. Where the Board has clearly failed to make such findings, its "action will be deemed an abuse of the discretion vested in it by the ordinance." Melucci v. Zoning Bd. of Review ofPawtucket, 10 R.I. 649, 652, 226 A.2d 416, 418 (1967). The Board's Decision in this case is therefore arbitrary, capricious, and characterized by the abuse of discretion. See G.L. 1956 § 45-24-69.
Furthermore, the Court notes that the Board applied the incorrect standard in making its Decision. See G.L. 1956 § 45-24-41. The standard under § 45-24-41(c) and (d) — provided in full supra — delineates the findings that the Board must make. Instead of addressing each of these elements, the Board has made conclusions only as to some of them. For example, the Board failed to provide a finding as to whether the Applicants' hardship was due to the unique characteristics of the land, rather than any physical or economic disability of the Applicants, and also failed to determine whether the hardship was not the result of a prior action by the applicant and not primarily the result of a desire for financial gain. See G.L. 1956 § 45-24-41(c)(1)-(2); Board'sDecision at 1-2.
Rather than addressing all of the standards required under § 45-24-41
and § 503 of the North Providence Zoning Ordinance, the Board has listed conclusions only as to some, and has included additional conclusions inapplicable under the standard. The Board's second finding, which states that "[t]he Board was of the opinion that the use requested would not create conditions inimical to the health, safety, or welfare, and would not injure the surrounding area," employs language used when reviewing applications for special use permits, not dimensional variances. Compare North Providence Town Ord. § 505 (setting forth special use permit standard) with North Providence Town Ord. § 503 (providing variance standard); see also G.L. *Page 8 
1956 § 45-24-42; Salve Regina College v. Zoning Bd. of Review,594 A.2d 878, 880 (R.I. 1991) (citations omitted) (stating the well established standard for grant of a special use permit). The Board is required to apply the correct standards pursuant to the applicable statutory and ordinance requirements. See G.L. § 45-24-57 (iv) (authorizing the Board to grant variances under the terms of the zoning ordinance and pursuant to § 45-24-41). Here, the Board applied an incorrect standard to the application, and its Decision is thus also affected by an error of law.See E. Bay Cmty. Dev. Corp. v. Zoning Bd. of Review, 901 A.2d 1136, 1149
(R.I. 2006).
 Conclusion
The instant case has been reviewed on the current state of the record. This Court concludes that Board has failed to provide sufficient findings of fact and conclusions of law to support its decision to grant the Applicants' requested variance. Furthermore, the Board has failed to apply the appropriate standard of law. The Board's Decision is therefore reversed as arbitrary, capricious, affected by an error of law, and in violation of statutory and ordinance provisions. Accordingly, substantial rights of the appellant have been prejudiced.
Counsel shall prepare the appropriate order for entry.
[1] This language reflects the recent amendment to the statute and the current Rhode Island case law. The 2002 amendment to the statute reinstated the standard observed under Viti v. Zoning Board of Review ofProvidence, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960), which held that an applicant would be granted a dimensional variance if he or she were able to show that the adverse impact of denial would amount to more than a mere inconvenience. As the present case was brought after 2002, this is the applicable standard. See Lischio v. Zoning Bd. of Review of Townof North Kingstown, 818 A.2d 685, 691-692 (R.I. 2003). *Page 1