Edgar **EDWARDS** et al.

v.

**STATE of Rhode Island, Through its ATTORNEY GENERAL; Albert Papineau, in His Capacity as Treasurer of the Town of East Greenwich; Members of the School Committee of the Town of East Greenwich; and the Superintendent of the East Greenwich School Department, et al.**

No. 95–546–Appeal.

Supreme Court of Rhode Island.

June 18, 1996.

---

Frederick A. Costello, Warwick, for Plaintiff.

Joseph V. Cavanagh, Jr., Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument May 21, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The treasurer, the members of the school committee, and the superintendent of the East Greenwich School Department appeal from the summary judgment entered on behalf of plaintiffs, who are teachers in the East Greenwich School Department. One justice of the Superior Court determined as a matter of law that defendants had violated the open-meetings statute, G.L.1956 chapter 46 of title 42, by holding a meeting on July 12, 1990, at 8 p.m. without having published adequate notice in a newspaper, namely, the *East Greenwich Pendulum.* At this meeting held on July 12, the school committee voted to "opt out" of an Early Retirement Act passed by the General Assembly as P.L.1990, ch. 65, art. 80 (the act). The act permitted municipalities to opt out of the early retirement program if such municipalities passed a resolution to to do so within fourteen days of the passage of the act.

In this case the school committee did advertise a "work session" in the *East Greenwich Pendulum* to be held on July 12, 1990, in the school gymnasium. The advertisement did not contain an agenda, nor did it make reference to the Early Retirement Act. However, the school committee did give oral notice to the officers of the union that represented the affected teachers. A number of said teachers, although not all of them, were present at the meeting.

The superintendent also testified that he was unaware that it was possible to post a complete notice in the *Pendulum* since in his opinion there was insufficient time to prepare such a notice prior to July 6, which he believed to be the deadline for the Wednesday, July 11, edition of that newspaper. The publisher testified that although it was possible to submit a notice after a deadline, such an action would not conform to the paper's regular custom.

Before this court, defendants do not question the determination that they violated the terms of the open-meetings statute § 42–46–6. The defendants do object to the remedy imposed by another justice of the Superior Court, who declared their action in opting out of the act null and void. In selecting this remedy in accordance with § 42–46–8(d), the second justice relied upon that portion of the statute that stated, "The court may issue injunctive relief and declare null and void any

actions of a public body found to be in violation of this chapter."

■ We have considered the entire record in the case and have determined that the members of the school committee and the superintendent did not act willfully or in bad faith in conducting the meeting without full newspaper notification as required by the open-meetings law. They had a very limited window of opportunity in the fourteen days provided by the General Assembly from the effective date of the act on June 30, 1990, until the date of their meeting on July 12. During that limited period there was a national holiday (July 4), and it is also true that the superintendent did take a short vacation during that period. There was no attempt to keep the meeting secret, nor was there any attempt to avoid meeting with those who were most affected by the act and most likely to be prejudiced by the vote to opt out of the act.

■ Although this court is aware of the importance of the open-meetings law and of the necessity of compliance with its terms, we are also of the opinion that in the circumstances of this case, the second trial justice erred in selecting a remedy that had the effect of penalizing the taxpayers of the town of East Greenwich for what was essentially an unfortunate yet innocent mistake in judgment on the part of the school committee and the system's superintendent. When a remedy is selected, it must be proportional to the breach and the effect thereof.

Consequently, the defendants' appeal is sustained in part and denied in part. The judgment of the Superior Court declaring the action of the school committee null and void is hereby reversed. The action of the school committee in opting out of the act is declared to be valid. That portion of the summary judgment declaring the school committee to have violated the open-meetings law is affirmed, but the remedy is vacated.

MURRAY and LEDERBERG, JJ., not participating.