Attorney General Jeffrey PINE in His Official Capacity on Behalf of the Edward A. Sherman Publishing Company and the Newport Daily News[1]

v.

Francis W. McGREAVY, in His Official Capacity as Town Moderator of the Town of Tiverton.

No. 95–570–APPEAL.

Supreme Court of Rhode Island.

Jan. 15, 1997.

Joseph V. Cavanagh, Jr., Providence, Elizabeth A. Wallace, Asst. Attorney General, for Plaintiff.

Thomas T. Brady, Tiverton, for Defendant.

1. The complaint was filed by James O'Neil in his capacity as Attorney General. Since he no long-

## OPINION

PER CURIAM.

This case came before us for oral argument on December 5, 1996, pursuant to an order that had directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The Attorney General appeals from the dismissal of his complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The complaint had been filed against Francis W. McGreavy (defendant) in his capacity as town moderator of the town of Tiverton for violation of the Open Meetings Act, G.L.1956 chapter 46 of title 42 (the Act). The facts of the case insofar as pertinent to this appeal are as follows.

The defendant, while serving as moderator of the financial town meeting for the town of Tiverton held in the high school gymnasium, caused a photographer employed by the Newport Daily News to be ejected from the meeting. He took this action because the photographer did not obey an earlier instruction to be seated in that portion of the gymnasium reserved for members of the press. The gymnasium had been divided into a section for those electors qualified to vote on the annual budget, a section for members of the public who were not qualified electors, and a section area designated for occupancy by members of the press. The designation of sections had been made by the board of canvassers in order to separate voters from nonvoters so as to facilitate vote counting on issues to be presented to the qualified electors and to maintain orderly procedures and decorum among those who were present at the assembly. The photographer, although admonished by the moderator, continued to walk about the general area, taking photographs with a camera that she considered not to be distracting because it did not utilize a flash attachment.

er serves in that capacity, the title has been amended to reflect that fact.

A justice of the Superior Court dismissed the complaint on the ground that the Act did not apply to a financial town meeting or to the town moderator who presided at such meeting. In essence the trial justice held that a financial town meeting was not included in the definitions contained in § 42–46–2, which defines a public body as follows:

"(c) 'Public Body' means any department, agency, commission, committee, board, council, bureau, or authority or any subdivision thereof of state or municipal government. For purposes of this section, any political party, organization, or unit thereof meeting or convening for any purpose is not and should not be considered to be a public body."

We are in agreement with the trial justice that a financial town meeting of the electors qualified to vote on the imposition of a tax and the expenditure of money does not fit within this definitional section. A financial town meeting is a quintessential example of an open meeting. Generally those in attendance will number in the hundreds of qualified electors, and other persons are permitted to attend as observers, also in substantial numbers. Members of the press are invited to attend, subject to the reasonable regulation of the meeting by the town moderator in accordance with the provisions of G.L.1956 § 45–3–18, which authorizes the moderator to manage and regulate the business of each meeting and to maintain peace and good order therein.

The financial town meeting represents the most democratic assemblage of any body that conducts the financial affairs of a municipality. It is a meeting open to all electors qualified to vote on an imposition of a tax or the expenditure of money. In a community like Tiverton thousands of people may be eligible to attend such a meeting, although in practice hundreds will actually attend and take part. The Act was designed to prevent public bodies of a different type from holding meetings in closed sessions. It was not directed at financial town meetings that by their very nature cannot be closed and cannot be other than highly public. The moderator is only the presiding officer of the financial town meeting and cannot in and of himself or herself constitute a public body. Consequently the Act was not applicable to either the financial town meeting or the moderator thereof.

Since the complaint was based on the provisions of the Act that are not applicable to a financial town meeting, the trial justice was correct in holding that the complaint did not state a claim upon which relief could be granted.

Nothing in this opinion should be construed as indicating that financial town meetings are not open to the press or that members of the press may not photograph such meetings so long as their behavior does not violate either § 45–3–18 or § 45–3–19. The trial justice did not reach questions that could have been raised under chapter 3 of title 45 since the issues before him in argument were based solely on chapter 46 of title 42.

For the reasons stated, the appeal of the Attorney General is denied and dismissed. The judgment of the Superior Court dismissing the complaint is affirmed. The papers in the case may be remanded to the Superior Court.