DECISION
Before this Court is the defendant's motion to dismiss the plaintiffs complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Rhode Island Superior Court Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.
 Facts/Travel
On February 23, 1998 concerned citizen Franklin Dexter of the Town of North Kingstown wrote to the Department of the Attorney General ("Department" or "Attorney General's office") asking that the Department investigate alleged violations of the Open Meetings Act by the North Kingstown School Committee ("NKSC") during the month of February, 1998. As a result of such request, the Attorney General's office conducted an investigation of such allegations. After contacting the North Kingstown School Committee, the Department made certain findings regarding the nature of and actions taken in the meetings, ultimately holding that there was an apparent violation of the Open Meetings Act. The Department concluded however that filing suit in Superior Court was not warranted and instead warned that the Department would consider future violations of the Act to be willful and advised the NKSC to review the applicable law to prevent further transgressions.
In response to the Attorney General's "warning" the NKSC filed a declaratory judgment action against the Department praying for a determination by the Court that the Attorney General had violated the Open Meetings Act; that the decision by the Attorney General was affected by errors of law, clearly erroneous, arbitrary and capricious; that the conduct of the NKSC did not violate the Open Meetings Act; that the punitive action taken against the NKSC be deleted, and; that the "warning" issued by the Department be declared arbitrary, inappropriate, illegal and lacking in statutory authority,
The Attorney General has filed a motion to dismiss the plaintiffs complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rhode Island Superior Court Rules of Civil Procedure on the basis of lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.
Specifically the Attorney General's Department alleges that the Court lacks subject matter jurisdiction for two reasons: (1) G.L. 42-35-15 (the "APA") does not apply to the enforcement of the Open Meetings Act because the Department is not an "agency" and (2) the decision regarding filing suit is not a "contested case" pursuant to said statute.
The plaintiff objects to the defendant's motion to dismiss and asserts that the Department of the Attorney General constitutes an "agency" under the APA, and further that action taken by the Attorney General's Department in determining whether a violation has occurred constitutes a "contested case" under the APA.
 Motion to Dismiss
Rule 12(b)(1) and 12(b)(6) of the Rhode Island Superior Court Rules of Civil Procedure provide that a defense for lack of subject matter jurisdiction or a motion for failure to state a claim upon which relief may be granted may be made by motion by the pleader.
A claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is generally limited to situations were the Court has not been conferred the power of determination or jurisdiction to confront the merits of a case, However, the Rhode Island Supreme Court's holding in La Petite Auberge v. R.I. Comm'n forHuman Rights noted that the Superior Court has jurisdiction in equity "to aid a respondent who claims he is being irreparably harmed by the conduct of administrative proceedings," and further that claims which assert that the Superior Court should not grant relief in such proceedings, may be more appropriately raised under Rule 12(b)(6). As a result, the defendant's motion to dismiss should be properly heard as a motion for failure to state a claim upon which relief may be granted. 416 A.2d 274, 279 (R.I. 1980); see also Owner-Operators Indep. Drivers v. State,541 A.2d 69, 72-73 (R.I. 1988).
A claim for failure to state a claim upon which relief may be granted requires that the Court examine the allegations in the plaintiffs complaint, assume them to be true, and view them in the light most favorable to the plaintiff. Ellis v. Rhode IslandPublic Transit Authority, 586 A.2d 1055, 1057 (R.I. 1991). "The motion will then be granted only when it is clear beyond a reasonable doubt that the plaintiff will not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiffs claim." Id. (citing Gagnon v.State, 570 A.2d 656, 657 (R.I. 1990). With this standard in mind, the Court will proceed to the content of the plaintiff's complaint.
Count I of the plaintiff's complaint alleges that the Department's findings and decisions are in violation of the statutory provisions of the Open Meetings Act. The Open Meetings Act provides that "public business be performed in an open and public manner," and further that "every meeting of all public bodies shall be open to the public. . . ." G.L. §§ 42-46-1, 42. 46-3. By its stated purpose, such an statute was enacted in order to ensure that the public is made aware of "the decisions and deliberations that go into the making of public policy." Id.
It is clear preliminary investigations by the Department involves neither deliberations or decisions regarding the making of public policy. Moreover, the compilation of a investigatory report does not constitute "the convening of a public body. . . ." or a "meeting" pursuant to § 42-46-2(a) with all its attend duties to post notice, minutes, and the recording of votes. Assuming that the allegations asserted by the plaintiff are true, it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief.
In Counts II through V of the plaintiffs complaint allege that the decision of the Attorney General's Office was arbitrary and capricious, affected by error of law and clearly erroneous. Although the plaintiff demands declaratory judgment, said allegations are couched as an administrative agency appeal pursuant to G.L. § 42-35-15.[1]
In order for a party to invoke judicial review by the Superior Court pursuant to § 42-35-15(a), the decision appealed from must be a "final order" in a "contested case" issued by an agency_.after exhausting all administrative remedies. "Agency" is defined by 42-35-1(a) as each state board, commission department or officer . . . authorized by law to make rules or to determine contested cases." Section 42-35-1(c) provides that a "contested case" means a proceeding . . . in which the legal rights, duties or privileges of a specific party, are required by law to be determined by an agency after an opportunity for hearing."
The Attorney General's duties with respect to an alleged Open Meetings Violation are set forth in G.L. § 42-46-89. Section (a) provides that "the attorney general shall investigate the complaint and if the attorney general determines that the allegations of the complaint are meritorious he or she may file a complaint on behalf of the complainant in superior court against the public body." Alternatively, an individual may file the complaint on his or her own behalf to seek remedy through Superior Court. § 42-46-8(c). In this capacity, the Attorney General's office is acting as an investigatory body to determine if there is sufficient information to support and prove a violation of the Open Meetings Act before a justice of the Superior Court. A cause of action based on the alleged violation, whether sought by or on behalf of a complainant, is not decided by the Attorney General's Office but heard solely by the Superior Court as adjudicator.[2] See Pine v. McGreavy, 687 A.2d 1244
(R.I. 1997); Edwards v. State, Through Atty. Gen., 677 A.2d 1347
(R.I. 1996); R.I. Affiliate ACLU v. Bernasconi, 557 A.2d 1232
(R.I. 1989); Roberts v. City of Cranston Zoninig Board, etc.,448 A.2d 779 (R.I. 1982). The preliminary investigative report, therefore, does not constitute a final adjudication that a violation of the Open Meetings Act actually occurred, but a decision as to whether the Department will pursue relief onbehalf of the complainant in Superior Court.[3]
As a result, the "decision" from which the plaintiffs appeal, does not fall within the ambit of the Administrative Procedures Act. Even viewing the facts in the light most favorable to the plaintiff and assuming all facts to be true, the plaintiff would not be entitled to relief
The defendant's motion to dismiss is granted. The plaintiffs complaint, inclusive of all counts, is hereby dismissed.
[1] Parenthetically, even if the matter before the Court was in fact an administrative agency appeal, a motion for declaratory judgment is generally not the proper avenue for review of a contested case. Rather, a party must first exhaust all administrative remedies and then, pursuant to G.L, §42-35-15, an administrative appeal is heard through a non jury proceeding confined to the original or certified copy of the record of the underlying proceedings. See also G.L. §9-30-1.
[2] If and when the Attorney General or a private individual decides to a pursue a complaint in Superior Court, the plaintiff would then have the opportunity to present evidence and argue that the alleged conduct complained of is not a violation. Without a complaint before it, however, this Court will not decide through a declaratory judgment action, that no violation had been committed.
[3] Even if the Attorney General's Department may assert that any future violations will be deemed "willful" it is only for the basis of determining if, in light of the circumstances, subsequent potential violations are sufficient to pursue legal action in Superior Court.