267 A.2d 410.

ROGER P. BRAMAN *et al. vs.* WAWALOAM RESERVATION, INC., *et al.*

JUNE 17, 1970.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to enjoin the Town Council of the Town of Richmond from granting or conducting a hearing scheduled for June 26, 1969, on an application by the defendant Wawaloam Reservation, Inc., for a license to construct and operate a trailer park in the town of Richmond. The matter was heard before a justice of the Superior Court, and on July 11 the trial court denied preliminary injunction and vacated a restraining order previously entered. From this judgment the plaintiffs prosecuted an appeal to this court and at the same time moved in this court for leave to file a petition for a writ of certiorari. This court thereupon entered an order temporarily restraining the defendants from acting under the authority of any license issued by the town council to build or operate such a trailer park. On September 24, 1969, this court denied without prejudice the defendants' motion to dismiss the appeal and at the same

time granted the plaintiffs' motion for leave to file a petition for certiorari.

It is not disputed that on May 2, 1969, defendant Wawaloam Reservation, Inc., hereinafter referred to as Wawaloam, applied to the town council for the issuance of a license to permit it to construct and operate a recreational camping area pursuant to the pertinent provisions of the Richmond Trailer Park Code. At its regular monthly meeting held on May 19, 1969, the town council considered the application, discussed it with representatives of Wawaloam, and concluded that the use for which the application had been made was not covered by any provisions of the existing trailer park ordinance. The council thereupon voted to direct the town solicitor to draft a new or amended trailer park ordinance under which Wawaloam would be permitted to resubmit its application.

On May 26 the town council held a special meeting, at which the new trailer park ordinance was considered. It is conceded that no public notice of this meeting had been given in any form. At this meeting, after discussing the proposed amended ordinance, the town council adopted it as the trailer park ordinance of the town of Richmond. Thereafter, on June 13, Wawaloam reapplied under the new ordinance, and at its regular monthly meeting on June 16 the town council voted to advertise Wawaloam's application for such a license for public hearing on June 26, 1969. It is here conceded that the hearing set on the application was advertised as directed by the town council.

In 1962 the General Assembly enacted enabling legislation, P. L. 1962, chap. 240, which gave wide authority to the town of Richmond to enact ordinances regulating trailer parks and tourist accommodations in that town. In sec. 1 of the enabling act, provision was made for the town "* *, * by ordinance to regulate, control, permit and license trailer parks and other tourist accommodations within the

town and to amend any such ordinances from time to time." In sec. 3 thereof it was provided that in such ordinances provisions could be made for "* * * the issuance of permits for the construction, enlargement or other alterations of trailer parks and other tourist accommodations and for the issuance of licenses to operate the same." Section 6 of the enabling legislation contained a number of definitions of terms used therein. It provided also that " 'Trailer park' means any parcel of land upon which two or more trailer coaches, occupied for dwelling or sleeping purposes, are located, whether or not a charge is made therefor." "Tourist accommodations" were defined as "* * * any motel, hotel, boarding-house, lodging house, inn, tavern, tourist home or similar structure where dwelling space is rented on a temporary basis to transients."

In May 1962, shortly after the adoption of the enabling legislation, the town council proceeded to enact for the town a Trailer Park Code, so called. It therein defined what constituted a trailer or trailer coach or a mobile home, and in considerable degree provided for such requirements as the site locations and conditions, supplies of water and sewage disposal, registration of the occupants of trailers located in the park, and for the issuance of permits to construct and regulate such a trailer park. It is significant in the light of the issues raised in the instant case that nothing appears in the ordinance that would constitute an implementation of a grant of authority in the enabling act to regulate or control tourist accommodations, which are defined in the enabling legislation as constituting motels, hotels, boarding houses, tourist homes, and the like.

In 1969 following the application of Wawaloam to operate a recreational camping area, the council, as noted above, directed the town solicitor to furnish it with proposed legislation amending the 1962 ordinance. Such amendatory legislation was submitted to the council at the

meeting of May 26, 1969, and at that time was adopted. We note again that it is not disputed that the meeting at which the council proposed to consider the adoption of the amendment to the trailer park code, that is, the meeting of May 26, was not advertised nor any notice given to the public that such an amendment to the trailer park code was to be considered.

The amended ordinance, in substance, amended the definition of a trailer park as set out in sec. 1 of art. I by excepting therefrom "a travel trailer parking area as defined in Article II." Article II was added to the act and provides almost entirely for the licensing of the construction and operation of travel trailer parking areas. In art. II the ordinance as amended defines a travel trailer as "* * * a vehicular, portable structure built on a chassis, designed to be used as a temporary dwelling for travel, recreational and vacation uses * * *."

The amendatory legislation also provides that no one shall operate a travel trailer parking area except on the authority of a permit issued by the town council and that in the application for such permits, sec. 2.2 (d) (4), there be included plans showing "The location of service buildings, sanitary stations, and *any other proposed structures*." (Italics ours.) It further requires in sec. 2.2 (d) (7) that the town council, at the time of application for such a permit, be furnished with "Plans and specifications of *all* buildings constructed or to be constructed within the travel trailer parking area." (Italics ours.)

The plaintiffs' attack on the validity of the amended ordinance is twofold. They contend, first, that, in enacting the amendatory provisions of the trailer park code, the council acted in excess of the authority conferred upon it by the pertinent provisions of the enabling act. They point out that the enabling legislation limits the authority of the town council to enact an ordinance providing

for the regulation of trailer parks and other "tourist accommodations." They argue that the amendment to the ordinance purports to regulate the construction of *any* building to be erected "within the travel trailer parking area" and that the enabling act did not contemplate a grant of authority to regulate the construction of buildings other than those defined as tourist accommodations in the enabling act.

We cannot agree with the above argument. The enabling act expressly authorizes the town council to regulate areas to be used as trailer parks and by clear implication confers authority to regulate the construction or use of all buildings constructed or to be constructed within the travel trailer parking area. We entertain no doubt but that a travel trailer camping area is in fact an area used as a trailer park within the contemplation of the 1962 ordinance. In our opinion, these provisions of the enabling legislation are clear and unambiguous.

The legislature, when it provided in sec. 3 of the enabling act that any ordinance enacted thereunder could provide for "* * * the issuance of permits for the construction, enlargement or other alteration of trailer parks and other tourist accommodations * * *," intended to include within this grant of authority permits to erect tourist accommodations at least whenever such tourist accommodations, as defined in the act, were to be integrated into the operation of a trailer park.

We perceive nothing in the statute, however, indicating that the legislature intended to grant to the town council a limited authority to regulate trailer parks or tourist accommodations. In our opinion, the legislative policy in the enactment of this enabling act was to confer a plenary power upon the town council to regulate the operation of trailer parks and to include within such power the regulation of the use or construction of any structure or build-

ing within a trailer park that in the course of time might become necessary or essential to the operation thereof. It is obvious that a travel trailer camping area is in its nature a trailer park, even though a travel trailer may differ in characteristics from a house trailer. That being so, we should construe the enabling legislation as conferring a plenary authority on the town council to regulate construction within the travel trailer camping area. As this court said in *Zannelli* v. *DiSandro,* 84 R. I. 76, 81-82, 121 A.2d 652, 655: "The legislative enactment should be given what appears to be the meaning that is most consistent with its policy or obvious purpose and not a forced construction. *Benjamin* v. *Daneker,* 73 R. I. 117. In construing a statute it is permissible to consider the reasonableness of the result of a particular interpretation." We think this rule has peculiar application in the instant case, and in any event we will not presume that the legislature intended to reach an unreasonable result or to have its legislation result in absurdities. *Travis* v. *Rialto Furniture Co.,* 101 R. I. 45, 220 A.2d 179. To hold now that the enabling act intended to confer only limited authority on the council would clearly attribute to the legislature an intent to legislate an absurdity.

The plaintiffs contend also that the ordinance is wanting in validity because it was enacted at a meeting of the council without public notice by way of newspaper advertising having been given of its pendency before the council at such meeting. In support of this, plaintiffs argue that the ordinance as amended in 1969 is one regulatory of the erection of structures and is, therefore, a building code, which can be enacted validly by the council only after such public notice by way of advertising has been given. In so arguing, they rely on the provisions of G. L. 1956 (1968 Reenactment) §23-27-2, wherein it is provided, in pertinent part, that no ordinance regulating the con-

struction of buildings in the town shall be enacted, amended, or repealed "* * * until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance, before said town or city council, which council shall first give notice of such hearing by publication in a newspaper printed in said town or city * * *." In short, the statute requires a public hearing, with notice thereof by publication, it being conceded that no such public hearing was held nor the prescribed notice given.

We perceive no merit in plaintiffs' contention. If we were to concede that the 1962 ordinance as amended in 1969 operates so as to regulate the construction of buildings and is, therefore, in the nature of a building code, we cannot agree that it is such an ordinance as is within the contemplation of §23-27-1. That section prescribes the type of ordinance which will be subject to the public notice provision of §23-27-2. The statute provides that town and city councils may make such ordinances and regulations for their respective towns and cities which are not repugnant to law "* * * as they may deem necessary, regulating the manner of constructing and equipping of *all* buildings and other structures within said town or city * * *." (Italics ours.)

It is clear that the ordinances contemplated by §§23-27-1 and 23-27-2 are those which have a townwide application and relate to all buildings or other structures within the town which may be erected or repaired after the passage thereof. It is equally clear in the instant case that the provisions authorizing the town council to regulate the construction of buildings or structures is limited to such buildings or structures as are to be erected within the trailer park area. This is the precise language of the ordinance which requires that plans and specifications of all buildings constructed or to be constructed be those "within

the travel trailer parking area." We are constrained, then, to conclude that the trial justice did not err in denying the injunctive relief to the plaintiffs in the circumstances here.

The petition for certiorari is denied; the writ heretofore issued is quashed; the appeal of the plaintiffs is denied and dismissed pro forma; and the judgment of the Superior Court is affirmed.

JOSLIN, J., did not participate.

*James P. Flynn, Macioci and Grimm, E. Paul Grimm, Tillinghast, Collins & Graham, James J. Skeffington,* for plaintiffs.

*James F. Murphy, Archibald B. Kenyon, Jr.,* for defendants.