DECISION
Before this Court is an appeal by Waterman Ridge, LLC (hereinafter "Waterman Ridge") from an October 7, 2005 decision of the Smithfield Zoning Board of Review (hereinafter "Zoning Board"), sitting in its capacity as the Board of Appeal, granting Master Plan approval to an application by Lucky Dog Realty, LLC (hereinafter "Lucky Dog") for an eighteen lot subdivision of its property. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
Lucky Dog is the owner of certain real estate in Smithfield, Rhode Island designated as Assessor's Plat 42, Lot 138. In an effort to subdivide its property into eighteen lots, Lucky Dog submitted an application for Master Plan approval to the Smithfield Planning Board (hereinafter "Planning Board").
The Planning Board held a Master Plan informational hearing on September 23, 2004, at which time Waterman Ridge, an abutting property owner, presented its objections to the proposed subdivision. Waterman Ridge is the owner of certain real estate in Smithfield designated as Assessor's Plat 42, Lots 100 and 129. Waterman Ridge's primary objection to the Master Plan was that subdivision and development of the Lucky Dog property would effectively leave Lot 129 landlocked. (Lucky Dog Exhibit D, Planning Board's Decision at 2.) However, when questioned by the Planning Board as to whether Lot 129 was already landlocked when Waterman Ridge purchased the property, Waterman responded in the affirmative.[1] (Id.) When questioned as to whether Waterman Ridge could develop the property without access through the Lucky Dog subdivision, Waterman again answered in the affirmative, but expressed its desire for an additional means of ingress to and egress from Lot 129. (Id.) The Planning Board's meeting was subsequently continued to January 27, 2005.
At its January 27, 2005 meeting, the Planning Board unanimously approved Lucky Dog's application to subdivide its property, finding that "the subdivision, as proposed, [would] not result in the creation of individual lots with any physical constraints to development that building on those lots according to pertinent regulations and building standards would be impracticable. . . ." (Id. at 4.) The detailed decision of the Planning Board was subsequently recorded in the Smithfield Land Evidence Records on March 30, 2005.
Waterman Ridge appealed the decision of the Planning Board to the Smithfield Zoning Board of Review, sitting in its capacity as the Board of Appeal. Hearings of the Board of Appeal were held on June 1, 2005 and August 31, 2005, at which time Waterman Ridge argued that the Planning Board's decision to approve the Lucky Dog Master Plan application was fundamentally flawed in that it did not require Lucky Dog, as an abutting property owner, to provide Waterman Ridge with an additional means of ingress to and egress from its landlocked parcel at Lucky Dog's expense. (Tr. at 5.) Counsel for Waterman asserted that failure to provide additional access to the landlocked parcel would be tantamount to a confiscatory taking by the Town of Smithfield and would effectively preclude all future development of the parcel. (Tr. at 6.)
At the close of the hearings, the Zoning Board voted unanimously to deny Waterman Ridge's appeal on the grounds that Smithfield's Subdivision Regulations did not require the Planning Board to provide additional access to Lot 129. (Zoning Board Exhibit 2, Zoning Board's Decision at 2.) The Board determined that the Planning Board did not commit prejudicial procedural error or clear error and that its decision was supported by the weight of the evidence in the record. (Id. at 3.) The decision of the Zoning Board was duly recorded in the Smithfield Land Evidence Records on October 7, 2005. It is from the decision of the Zoning Board of Review, sitting as the Board of Appeal, that Waterman Ridge appeals to this Court.
 STANDARD OF REVIEW
Under the Development Review Act, review of a planning board's decision is limited. A zoning board reviewing the decision of a planning board may reverse the lower body only if the zoning board finds that there was prejudicial procedural error, clear error, or a lack of support by the weight of the evidence in the record. Sec. 45-23-70(a). Appeals to the Superior Court for review of a decision of a zoning board, sitting as a board of appeal, are brought under § 45-23-71. Subsection (c) of that statute states:
 "The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine the entire record to determine whether substantial evidence exists to support the board's findings.Salve Regina College v. Zoning Bd. of Rev., 594 A.2d 878, 880
(R.I. 1991) (citing DeStefano v. Zoning Bd. of Rev. of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Rev. of North Kingstown, 818 A.2d 685,690 (R.I. 2003) (quoting Caswell v. George Sherman Sand andGravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)).
If review of the entire record reveals substantial evidence to support the decision, this Court should affirm the board's decision Mill Realty Associates v. Crowe, 841 A.2d 668, 672
(R.I. 2004), as members of the zoning board are presumed to have special knowledge of the rules related to the administration of zoning ordinances. Monforte v. Zoning Bd. of Review of EastProvidence, 93 R.I. 447, 449, 176 A.2d 726, 728 (1962); seeRhode Island Temps, Inc. v. Dept. of Labor and Training,749 A.2d 1121, 1125 (R.I. 2000). However, while this Court's review is circumscribed by and deferential to the administrative agency,Restivo v. Lynch, 707 A.2d 663, 667 (R.I. 1998), [it] must not rise to the level of "blind allegiance." Citizens Savings Bankv. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). The zoning board's decision will be reversed if the record reveals that there is not substantial evidence to support the board's findings. Von Bernuth v. Zoning Bd. of Rev. of New Shoreham,770 A.2d 396, 399 (R.I. 2001).
 LACK OF A FORMAL VOTE BY THE BOARD
In its appeal, Waterman Ridge at the outset argues that there was never a formal vote of the Zoning Board to deny Waterman Ridge's appeal, as the transcript of the August 31, 2005 appellate hearing indicates that the Zoning Board had taken the matter "under advisement" without actually bringing the matter to a formal vote. Specifically, Waterman Ridge asserts that it is impossible to determine from the transcript of the August 31 meeting if and when a vote was actually taken and how the members of the Board voted on the appeal.
Section 45-24-61 (a) of the General Laws reads in relevant part that "[f]ollowing a public hearing, the zoning board of review shall render a decision within a reasonable period of time." G.L. 1956 § 45-24-61. Here, the plain and clear language of § 45-24-61
is that the zoning board of review must render its decision at a reasonable time after the appellate hearing is closed. Any construction of § 45-24-61 that would require the zoning board of review to render its decision immediately following the public hearing would be absurd, as the board would have no time to deliberate before bringing the matter to a formal vote. SeeBraman v. Wawaloam Reservation, Inc., 107 R.I. 270,267 A.2d 410 (1970) ("in interpreting a statute, it will not be presumed that the legislature intended to reach an unreasonable result or to have its legislation result in absurdities"); Kaya v.Partington, 681 A.2d 256, 261 (R.I. 1996) ("[t]his Court will not construe a statute to reach an absurd result"). As the Rhode Island Supreme Court held in State v. DeLaurier, 488 A.2d 688
(R.I. 1985), "It is an elementary proposition that courts only determine by construction the scope and intent of the law when the law itself is ambiguous or doubtful. If a law is plain and within the legislative power, it declares itself and nothing is left for interpretation." Sutherland Stat. Const. § 46:03. Here, Section 45-25-61 "declares itself and there is nothing left for interpretation."
The Zoning Board's written decision, signed by the Chairman of the Board, unequivocally indicates that all five members of the Zoning Board voted to deny Waterman Ridge's appeal and affirm the decision of the Planning Board, approving the Lucky Dog Master Plan application. In addition, the Zoning Board's decision outlines the various arguments that Waterman Ridge advanced in support of its appeal, as well as the reason or reasons for rejecting these arguments. Accordingly, the Board's rendering a decision "following the public hearing" was not in violation of statutory or ordinance provisions or made upon unlawful procedure.
 MAINTANENCE OF COMPLETE RECORD OF PROCEEDINGS BY BOARD
Next, Waterman Ridge asserts that the Zoning Board failed to maintain complete records of its proceedings and votes, in violation of Sections 45-23-70(d) and 45-24-61 of the General Laws. Both Lucky Dog and the Zoning Board contend that the Board fully complied with the statutory record-keeping provisions.
Section 45-23-70(d) provides in relevant part that "the board of appeal shall keep complete records of all proceedings including a record of all votes taken, and shall put all decisions on appeals in writing. The board of appeal shall include in the written record the reasons for each decision." Section 45-24-61 reads in relevant part that
 "the zoning board of review shall keep written minutes of its proceedings, showing the vote of each member upon each question . . . For any proceedings in which the right of appeal lies to the superior or supreme court, the zoning board of review shall have the minutes taken either by a competent stenographer or recorded by sound-recording device."
Waterman Ridge's reliance on § 45-24-61 is misplaced because the provisions of § 452-4-61 do not apply to an appeal of the decision of a zoning board, sitting as a board of appeal, upholding a planning board's approval of a master plan application for the subdivision of property. Furthermore, the provisions of § 45-23-70, under which such an appeal would properly be brought to this Court, do not require the taking of "minutes" by a competent stenographer but only the maintenance of a complete "record" of the proceedings, including a record of votes taken. This Court notes that in framing § 45-23-70, the Legislature chose to use the broader term "record" instead of the more specific term "minutes." As "it is not within the province of this Court to insert in a statute omitted words or language, unless the legislative intent to have it read is plainly evident in the statute," this Court will not do so here. Goldman v.Forcier, 68 R.I. 291, 27 A.2d 340 (1942).
Thus, despite the fact that the Smithfield Town Solicitor stated in a letter to Waterman Ridge, dated February 17, 2006, that he was unaware of any written "minutes" for either of the two appellate hearings concerning the Waterman Ridge appeal, the testimony heard by the Zoning Board at both hearings was transcribed by a competent stenographer. As there is a complete and accurate record of what transpired before the Zoning Board, the Board's written record amply satisfies, if not exceeds, the fairly broad record-keeping requirements of § 45-23-70(d). Therefore, this Court finds that the decision of the Zoning Board was not in violation of constitutional, statutory, ordinance or planning board regulations provisions.
 APPLICABILITY OF OPEN MEETINGS LAW TO BOARD'S PROCEEDINGS
Waterman Ridge further contends that the Zoning Board did not electronically transmit a copy of its open meeting minutes to the Secretary of State, as required by the Open Meetings Law. G.L. 1956 §§ 42-46-7(d)[2] and (e).[3] This argument is without merit.
While Section 42-46-3 of the General Laws mandates that "[e]very meeting of all public bodies shall be open to the public," not all meetings of governmental entities are subject to this requirement. The statutory definition of public bodies, as set forth in § 42-46-2(b), includes only divisions of "the executive or legislative branch of state or municipal government." G.L. 1956 § 42-46-2(b). The plain and clear language of the statute indicates that meetings of divisions of the judicial branch are not, therefore, meetings of public bodies within the meaning of the Open Meeting Law.
In Roberts v. City of Cranston Zoning Board of Review, the Rhode Island Supreme Court — for the first time addressing the applicability of open meeting requirements to quasi-judicial proceedings — stated unequivocally that zoning boards, in exercising their fact-finding powers, "act judicially on facts lawfully ascertained." Roberts, 448 A.2d at 781 (quotingZimarino v. Zoning Board of Review of Providence, 95 R.I. 383,386, 187 A.2d 259, 261 (1963)). As such, zoning boards of review perform quasi-judicial duties. See Hassell v. Zoning Board ofReview of Providence, 103 R.I. 381, 238 A.2d 353 (1968) ("zoning board is an administrative body whose duties are quasi-judicial and is a wholly statutory creature and which has been assigned a definite but limited role in the administration of zoning laws");Melucci v. Zoning Board of Review of Pawtucket, 101 R.I. 649,226 A.2d 416 (1967) ("a zoning review board, in the exercise of its fact-finding power, acts in a quasi-judicial capacity"). TheRoberts Court ultimately concluded that the proceedings before a zoning board at which the zoning board acts judicially are exempt from open-meetings requirements. Roberts,448 A.2d at 781. Accordingly, the Zoning Board's decision was not made upon unlawful procedure.
 PUBLIC POLICY GROUNDS FOR REVERSING BOARD'S DECISION
Waterman Ridge also asserts that the Zoning Board's decision does not follow "sound" land use policies, in that it creates and perpetuates a landlocked parcel and is tantamount to a confiscatory taking. In support of this argument, however, Waterman has failed to offer a single authority that would require Lucky Dog, as a matter of law or public policy, to provide an additional means of ingress to and egress from Waterman's landlocked parcel at its own expense. Rather, Waterman relies solely on excerpts from the treatise Principles andPractice of Urban Planning and the Smithfield Town Ordinance for the proposition that Lucky Dog, as an abutting landowner, is required to use a portion of its land to provide additional access to a landlocked parcel.
It is well settled that the authority of a zoning board to act is circumscribed by such reasonably definite rules and standards as have been established by the local legislature. Klowan v.Zoning Board of Review of Cumberland, 99 R.I. 252, 207 A.2d 42
(1965); Hazen v. Zoning Board of Review of East Providence,90 R.I. 108, 155 A.2d 333 (1959). These limitations may vary in the different municipalities provided they fall within the framework of the general purposes for which zoning ordinances may lawfully be enacted. Once delineated, they provide the guideposts within which the board must exercise its discretion and become conditions precedent which are to be established prior to affirmative action. Fitzgerald v. Zoning Board of Review ofNewport, 99 R.I. 221, 206 A.2d 635 (1965). Furthermore, "[t]the power of a zoning board of review to make exceptions to the terms of a zoning ordinance is controlled by the pertinent provisions thereof." Lough v. Zoning Board of Review of North Providence,74 R.I. 366, 60 A.2d 839 (1948). Thus, as the powers of the Zoning Board have been specifically enumerated, it would be an abuse of discretion and in excess of its jurisdiction for the Board to compel Lucky Dog to provide additional access to Waterman Ridge's parcel at great expense. Accordingly, this Court is satisfied that the Zoning Board's decision not to require Lucky Dog to provide Waterman with additional means of accessing its landlocked parcel was not in violation of constitutional, statutory, ordinance or planning board regulations provisions.
 NOTICE OF APPEAL TO ABUTTING LANDOWNERS
Finally, Lucky Dog asserts that Waterman Ridge, when filing its appeal of the Zoning Board's decision with this Court, failed to give timely notice to those persons entitled to notice pursuant to § 45-24-69.1 of the General Laws. Although Lucky Dog's reliance on the statutory provisions of § 45-24-69.1 is misplaced, the Court will briefly address this issue.
An appeal of the decision of a zoning board, sitting as a board of appeal, upholding a planning board's approval of a master plan application for the subdivision of property is made pursuant to §45-23-71 and not § 45-24-69. While §§ 45-23-71 and 45-24-69 are seemingly interchangeable because they are both entitled "Appeals to the superior court," the sections are readily distinguishable in that the language of § 45-23-71 and its location within the broader "Subdivision of Land" chapter of Title 45 indicate that appeals based on the subdivision of land must be brought pursuant to this section. As the plain and clear language of § 45-23-71
indicates that appeals brought pursuant to the section are not subject to a notice requirement, this issue is without merit.
 CONCLUSION
After a thorough review of the entire record, this Court finds that the decision of the Zoning Board, sitting as the Board of Appeal, is not clearly erroneous, is not made upon proper procedure, is not in violation of ordinance provisions or planning board regulations, is within the Zoning Board's authority, is not arbitrary or capricious or characterized by abuse of discretion, and is not affected by error of law. Substantial rights of Waterman Ridge have not been prejudiced. As such, the decision of the Zoning Board, upholding the decision of the Planning Board, granting Master Plan approval to the Lucky Dog subdivision, is hereby affirmed. Counsel shall submit the appropriate judgment for entry.
[1] Nothing in this decision prevents Waterman Ridge from purchasing portions of abutting lands for additional acres. Waterman Ridge, however, cannot expect the Planning Board in the subdividing of other land, to do it for it.
[2] G.L. 1956 § 42-46-7(d) reads in pertinent part that
"All public bodies within the executive branch of the state government and all state public and quasi-public boards . . . shall keep official and/or approved minutes of all meetings of the body and shall file a copy of the mintues of all open meetings with the secretary of state for inspection . . ."
Section 42-46-7(e) further specifies that all minutes required by § 42-46-7(d) must be electronically transmitted to the secretary of state."
[3] G.L. 1956 § 42-46-7(e) reads in relevant part that
"All minutes required by this section to be filed with the Secretary of State shall be electronically transmitted to the Secretary of State. . . ."